UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: OAKLAND PHYSICIANS MEDICAL CENTER, LLC,**<br><br>**Debtor.**<br><br>**BASIL T. SIMON**, not individually but solely in his capacity as the Liquidation Trustee of Oakland Physicians Medical Center, LLC Liquidation Trust,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>**YATINDER SINGHAL**,<br><br>Defendant-Appellee,<br><br>and<br><br>**DR. YATINDER M. SINGHAL, M.D., P.C.**,<br><br>Garnishee Defendant-Appellee | 2:20-cv-11887-TGB-EAS<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING APPEAL FROM BANKRUPTCY COURT (ECF NO. 1)** |

After prevailing on several claims against Yatinder Singhal (Defendant-Appellee) in bankruptcy proceeding, the Trustee (Plaintiff-Appellant Basil T. Simon or "Trustee") filed a motion for entry of judgment against Dr. Singhal's P.C. (Defendant-Appellee Yatinder M.

1

Singhal, M.D., P.C.). Trustee's motion argued that he should collect the balance of Dr. Singhal's judgment from the P.C. because Dr. Singhal knowingly and willfully provided false statements on the disclosure. The bankruptcy court denied Trustee's motion and Plaintiff appealed.

Having reviewed the pleadings and relevant case law, the Court determines that Plaintiff's appeal should be **DENIED** and the Bankruptcy Court's decision **AFFIRMED** .

## I.   BACKGROUND

On May 29, 2019, the Bankruptcy Court entered judgment in the amount of $507,884 against Defendant Dr. Yatinder M. Singhal. Subsequently, the Bankruptcy Court issued a Request and Writ for Garnishment directed to Dr. Singhal's professional corporation, or "P.C.", also a party to this case, Defendant-Appellee Yatinder M. Singhal, M.D., P.C. ("P.C.").

On September 12, 2019, the P.C. filed and served the Garnishee Disclosure. Appellant contends that the Garnishee Disclosure is "materially false." ECF No. 4, PageID.542. In particular, Plaintiff contends that (1) Defendant is not paid monthly, and (2) Defendant's monthly gross earnings during the period exceeded $20,000 per month. ECF No. 4, PageID.563. Plaintiff-Appellant then filed a motion for entry of judgment against Dr. Singhal, pursuant to Mich. Comp. Laws § 600.4051, "on the basis that Defendant, as agent for the P.C. 'knowingly

2

and willfully answer[ed] falsely upon [the P.C.]'s disclosure.'" ECF No. 4, PageID.541.

The Bankruptcy Court denied Plaintiff's motion on June 25, 2020. Plaintiff Simon filed a notice of appeal on July 8, 2020.

## II.　　LEGAL STANDARD

The district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1). "An appeal [from a bankruptcy court final order] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id.* at § 158(c)(2). A district court reviews de novo the bankruptcy judge's conclusions of law. *In re Edmonds*, 263 B.R. 828, 829 (E.D. Mich. 2001).

## III.　　ANALYSIS

The key issue in this case is the statutory construction of Mich. Comp. Law § 600.4051. Generally, a garnishee is "liable only for the property belonging to the defendant in the garnishee's possession or control." *Oakland Cty. v. Brown Rd. Grp.*, LLC, No. 348263, 2020 WL 815787, at *6 (Mich. Ct. App. Feb. 18, 2020). Yet, under Mich. Comp. Law § 600.4051,

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and willfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his

3

own goods and estate the full amount due on the judgment recovered with interest, to be recovered in a civil action.

Mich. Comp. Laws § 600.4051.

Plaintiff brought a motion to recover the full amount of the judgment under this statute. However, the bankruptcy court determined that the word "person," as utilized in the statute was limited to human beings and does not include corporations. Therefore, Garnishee Defendant Yatinder M. Singhal, M.D., P.C. could not be held liable for filing a false garnishee disclosure and Plaintiff's motion was denied.

Plaintiff asserts that the bankruptcy court's decision ignored the guidance of Michigan courts regarding statutory construction. According to Plaintiff, the bankruptcy court's reading of Mich. Comp. Law § 600.4051 is inconsistent with the scope, purpose, and broader language found in the rest of Chapter 40 of the Revised Judicature Act of 1961. ECF No. 4, PageID.558. Plaintiff also argues that the interpretation was inconsistent with Mich. Comp. Law § 8.3, which governs the rules of statutory construction in Michigan. ECF No. 4, PageID.562. Finally, Plaintiff asserts that the interpretation of the word "person" adopted by the Bankruptcy Court deprives a judgment creditor of a remedy when the garnishee is a corporation—making the "statute inconsistent and meaningless to a certain class of judgment creditors and garnishee defendants." ECF No. 4, PageID.564.

4

Defendant, however, asserts that the bankruptcy court applied the proper rules of statutory interpretation in determining that a corporation was not a person for purposes of Mich. Comp. Laws § 600.4051. In particular, Defendant points to the guidance provided by the Michigan judiciary, the plain language of the statute, and the authority provided by Mich. Comp. Laws § 8.3, to support the Bankruptcy Court's finding.

"In construing questions of state law, the federal court must apply state law in accordance with the controlling decisions of the highest court of the state." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Where the Michigan Supreme Court has not addressed the issue, we "must attempt to ascertain how that court would rule if it were faced with the issue." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 636 (6th Cir. 2018) (quoting *Meridian Mut. Ins. Co.*, 197 F.3d at 1181). Courts may look to "the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule in making this determination." *Id.* (quoting *Meridian Mut. Ins. Co.*, 197 F.3d at 1181). The Sixth Circuit is clear: while not bound by the decisions of the state appellate courts, a district court "*should not* disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Meridian Mut. Ins. Co.*, 197 F.3d at 1181 (emphasis added). *See also Rohrer Corp. v. Dane*

5

*Elec Corp. USA*, 482 F. App'x 113, 115, n. 1 (6th Cir. 2012); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 226 (E.D. Mich. 2020).

There is one Michigan state court case which addresses this question head on: *Oakland Cty v. Brown Road Group, LLC*, No. 348263, 2020 WL 815787 (Mich. Ct. App. Feb. 18, 2020). In this unpublished opinion, the Michigan Court of Appeals determined that "the Legislature impliedly distinguished the word "person" from "corporation" within Mich. Comp. Laws 600.4051, thereby indicating that the Legislature intended for the word "person" to mean a human being, as opposed to a corporation." *Id.* at *7.

This Court finds no reason to depart from the reasoning in *Brown Road Group*. While unpublished, the opinion applies proper tools of statutory interpretation and is well-reasoned: The Michigan Court of Appeals consulted two dictionary definitions, reviewed the actual language of the statute, and considered the Legislature's intent. *See Brown Road Grp.*, 2020 WL 815787 at *6. Plaintiff does not point to any controlling decisions of Michigan courts which disagree or undermine the reasoning outlined by the Michigan Court of Appeals; rather, they point to various Michigan cases regarding guidance on statutory construction broadly and cases interpreting the word "person" as used in the Crime Victim's Rights Act and Mich. Comp. Law. § 565.201. *See* ECF No. 4, PageID.558. This is insufficient to disrupt the Court's reliance on *Brown*

*Road Group*—especially in light of the Sixth Circuit case law which directs us to engage with the law of the lower state courts. *See Pittman,* 901 F.3d at 636. In sum, the Court is unable to find a reason to conclude that Michigan's Supreme Court would not follow the developed reasoning stated in *Brown Road Group. Meridian Mut. Ins. Co.*, 197 F.3d at 1181. Accordingly, under this authority, the Court will affirm because Mich. Comp. Law § 600.4501's use of the term "person" does not apply to a corporation and Plaintiff's challenge must be rejected.

Even if the Court disregarded *Brown Road Group*, the Court disagrees with Plaintiff's reading of Mich. Comp. Law § 600.4501. According to Plaintiff, had the bankruptcy court considered the general scope and purpose of the statute within Chapter 40 of the Revised Judiciary Act, it would not exclude "corporations" from the term "person." But the Michigan Supreme Court is clear, that the "first step" in evaluating the Legislature's intent is to examine the plain and clear language of the statute. *People v. Haveman*, 938 N.W.2d 773, 779 (2019). *See also McCormick v. Carrier*, 487 Mich. 180, 191–92, 795 N.W.2d 517, 524 (2010) ("This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute. Judicial construction of an unambiguous statute is neither required nor permitted."). The statute at issue contains both the words "person" and "corporation" in the same sentence, and "[w]hen the Legislature uses

7

different words, the words are generally intended to connote different meanings." *United States Fid. & Guar. Co. v. Michigan Catastrophic Claims Ass'n*, 484 Mich. 1, 14, 795 N.W.2d 101, 108 (2009). In this way, the Court agrees that looking to the plain and clear language of the statute, "the Legislature would not have included the word 'person' and 'corporation' together in the same sentence if the Legislature intended for the two terms to be synonymous." *Brown Road Group*, 2020 WL 815787, at *6.

Plaintiff also argues that Mich. Comp. Law § 8.3, which outlines statutory rules of construction, requires the term person to include corporation. This argument misstates Michigan's law: Rather than *requiring* that the word "person" extend to corporations, the statute clearly states that "[t]he word 'person' *may* extend and be applied to bodies politic and corporate, as well as individuals." Mich. Comp. Law § 8.3*l* (emphasis added). Extending the term "person" to include "corporation" here would be inconsistent with the plain meaning of the statute in light of the inclusion of both terms separately and the use of the word "his" twice in referring to a person ("is liable to the plaintiff in garnishment, or to *his* executors or administrators, to pay out of *his* own goods and estate the full amount due on the judgment recovered with interest") rather than "its," as would be proper when referring to a corporation. Mich. Comp. Law § 600.4051 (emphasis added).

8

Finally, Plaintiff claims the adopted interpretation deprives a judgment creditor a remedy against a corporate garnishee. However, it is not clear to the Court why there must be a civil remedy for a *corporation* when a garnishee disclosure is falsified by a *person*. While Plaintiff may want this liability to extend to corporations, it does not logically follow that the Legislature intended this.

For these reasons, the Court determines that the bankruptcy court correctly applied Michigan law in holding that the term "person," as used in Mich. Comp. Law § 600.4051, does not include a corporation. Accordingly, the bankruptcy court correctly denied Plaintiff's motion because the statute does not prescribe liability for a corporation which willfully and knowingly files a false garnishee disclosure.

## CONCLUSION

For these reasons, Plaintiff's appeal (ECF No. 1) is **DENIED** and the judgment of the bankruptcy court is **AFFIRMED**.

**SO ORDERED**.

Dated: August 26, 2021     s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE